IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARSHALL MITCHELL, BLAKE TAYLOR, CHRISTOPHER ROGERS, RICHARD BENAVIDES, BRIAN BRINCKS, RENE CAVAZOS, JUVENTINO MONTELLO, JASON CAVAZOS, JOHN GUERRERO, LINDELL COPELAND, RUDY MERCADO, RICHARD SMITH, LAWRENCE GARCIA, ANTHONY SHANE PALMER, PHILLIP SAMPSON, CLAYTON REED, JAMES GRAY, CORY MCALISTER, TOMMY JENNINGS, LARRY PINA, RICHARD LOCKHART, GLENN WALKER, RONALD WARREN et al.,<br>　　　　*Plaintiffs,*<br><br>v.<br><br>CHIEF BRENT STROMAN, IN HIS INDIVIDUAL CAPACITY; DET. MANUEL CHAVEZ, IN HIS INDIVIDUAL CAPACITY; ABELINO "ABEL" REYNA, IN HIS INDIVIDUAL CAPACITY; CITY OF WACO, TEXAS, MCLENNAN COUNTY, TEXAS, ROBERT LANNING, IN HIS INDIVIDUAL CAPACITY; DET. JEFFREY ROGERS, IN HIS INDIVIDUAL CAPACITY; PATRICK SWANTON, IN HIS INDIVIDUAL CAPACITY; STEVEN SCHWARTZ, IN HIS INDIVIDUAL CAPACITY; AND CHRISTOPHER FROST, IN HIS INDIVIDUAL CAPACITY;<br>　　　　*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **LEAD CASE:**<br><br>**CIVIL NO. 1-17-CV-00457-ADA**<br><br>**MEMBER CASE:**<br><br>**CIVIL NO. 1-17-CV-00480-ADA** |

**ORDER**

Before the Court are: Defendant Frost and Schwartz's Motions to Dismiss (ECF Nos. 25, 43); the City Defendants' Joint Motion to Dismiss (ECF Nos. 27, 45); Defendant Reyna and McLennan County's Motions to Dismiss (ECF Nos. 26, 44); and the respective responses,

replies, and sur-replies thereto. The Court, having considered the Motions and the applicable law, finds that the Motions should be **GRANTED** as discussed below.

## I. INTRODUCTION

This case stems from the Twin Peaks restaurant incident on May 17, 2015. Members of the Bandidos and Cossacks Motorcycle Clubs, along with hundreds of other motorcycling enthusiasts, converged on the restaurant. Tensions between the Bandidos and Cossacks erupted in a shootout that left nine dead and many injured. In the aftermath of the incident, police arrested 177 individuals on charges of Engaging in Organized Criminal Activity. The probable cause affidavit in support of the arrest warrants was the same for each of the 177 arrestees, and a justice of the peace set bond for each of the arrestees at one million dollars. Only one of the criminal cases ever went to trial (the defendant in that case is not a party to the instant action), and those proceedings ended in a mistrial. The state eventually dropped all remaining charges against the arrestees. The plaintiffs in this case, John Wilson and others similarly situated, were arrested pursuant to the same probable cause affidavit as the other arrestees. Significantly, these Plaintiffs were also indicted. *See* Compl. ¶ 125, ECF No. 21. The indictment was later dismissed during the pendency of this lawsuit.

Plaintiffs bring this case pursuant to 42 U.S.C. § 1983. They allege that the defendants violated their Fourth Amendment rights by obtaining arrest warrants based on a fill-in-the-name affidavit that lacked probable cause. Plaintiffs also allege that the defendants violated their Fourteenth Amendment due process right to be free from unlawful arrest. Plaintiffs allege that the defendants conspired to commit these violations.

There are three groups of defendants in this case. The first group consists of: the City of Waco, Texas; Brent Stroman, Chief of Police; Robert Lanning, Assistant Chief of Police;

detective Jeffrey Rogers; and police officers Manuel Chavez, Patrick Swanton. The second group is McLennan County, Texas and former McLennan County District Attorney Abelino "Abel" Reyna. The third group is Steven Schwartz and Christopher Frost, both of whom are special agents of the Texas Department of Public Safety. The plaintiffs bring suit against the City of Waco ("the City") and McLennan County ("the County") as municipalities and the other defendants in their individual capacities. The individual defendants all assert qualified immunity.

## II.     LEGAL STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of law, causes another to be deprived of a federally protected constitutional right. Two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988).

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). To survive Rule 8, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court begins by identifying which allegations are well-pleaded facts and which are legal conclusions or elemental recitations; accepting as true the former and rejecting the latter. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not blindly accept every allegation of fact; properly pleaded allegations

of fact amount to more than just conclusory allegations or legal conclusions "masquerading as factual conclusions." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The court then determines whether the accepted allegations state a plausible claim to relief. *Id.* at 379.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of Rule 12(b)(6), "pleadings" include the complaint, its attachments, and documents referred to in the complaint and central to a plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action barred by qualified immunity. *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 793 (W.D. Tex. 2016) (Martinez, J.) (dismissing a plaintiff's claim based on qualified immunity). Qualified immunity shields government officials from civil liability for claims under federal law unless their conduct "violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Qualified immunity balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because qualified immunity shields "all but the

plainly incompetent or those who knowingly violate the law," the Fifth Circuit considers qualified immunity the norm and admonishes courts to deny a defendant immunity only in rare circumstances. *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) (internal quotation marks omitted).

Courts use a two-prong analysis to determine whether an officer is entitled to qualified immunity. *Cole v. Carson*, No. 14-10228, 2019 WL 3928715, at *5 (5th Cir. Aug. 20, 2019), *as revised* (Aug. 21, 2019). A plaintiff must show (1) the official violated a constitutional right; and (2) the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Reed v. Taylor*, 923 F.3d 411, 414 (5th Cir. 2019). The Supreme Court held in *Pearson* that "the judges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." 555 U.S. at 236. Although qualified immunity is an affirmative defense, the plaintiff bears the burden to rebut the defense and assert facts to satisfy both prongs of the analysis. *Brumfield*, 551 F.3d at 326. If a plaintiff fails to establish either prong, the public official is immune from suit. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 (5th Cir. 2007).

A heightened pleading requirement is imposed on a civil rights plaintiff suing a state actor in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). To satisfy the heightened pleading requirement and maintain a § 1983 action against an official who raises a qualified immunity defense, a complaint must allege with particularity all material facts establishing a plaintiff's right of recovery, including "detailed facts supporting the contention that [a] plea of immunity cannot be sustained." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 954 F.2d 1054, 1055 (5th Cir. 1992). Mere conclusory

allegations are insufficient to meet this heightened pleading requirement. *Elliott*, 751 F.2d at 1479.

### III. ANALYSIS

#### A. Fourth and Fourteenth Amendments

At the outset, the Court notes that Plaintiffs bring their claims against the defendants under both the Fourth and Fourteenth Amendments. But "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal punctuation omitted). A citizen has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright*, 510 U.S. at 274. Because the Fourth Amendment covers unlawful arrest, Plaintiffs cannot also seek relief under the Fourteenth Amendment. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Accordingly, Plaintiffs' Fourteenth Amendment claims are **DISMISSED**, and the Court will address their claims in the context of the Fourth Amendment.

The Court also notes that Plaintiffs attempt to invoke an exception to the general rule described above, citing *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), *vacated sub nom. Hunter v. Cole*, 137 S. Ct. 497 (2016). In *Cole*, the Fifth Circuit recognized deliberate fabrication of evidence by police may create a Fourteenth Amendment claim if such a claim may not be pursued under the Fourth Amendment. *Id.* First, Plaintiffs have a Fourth Amendment claim in

this case. Second, the Fifth Circuit issued this decision on September 25, 2015, over four months *after* the shootout at Twin Peaks. Again, to overcome a defendant's qualified immunity, a plaintiff must show that the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Reed*, 923 F.3d at 414. The exception that Plaintiffs seek to invoke had not yet been recognized in this Circuit at the time their cause of action arose, and as such, any right recognized in *Cole* was not clearly established.

There are two claims against government agents for alleged Fourth Amendment violations in connection with a search or arrest warrant: **(1)** claims under *Malley*, 475 U.S. at 335, for which the agent may be liable if he "fil[es] an application for an arrest warrant without probable cause" and "a reasonable well-trained officer . . . would have known that [the] affidavit failed to establish probable cause," *Michalik v. Hermann*, 422 F.3d 252, 259–60 (5th Cir. 2005) (citations and internal quotation marks omitted); and **(2)** claims under *Franks v. Delaware*, 438 U.S. 154 (1978), for which the agent may be liable if he "makes a false statement knowingly and intentionally, or with reckless disregard for the truth that results in a warrant being issued without probable cause," *Michalik*, 422 F.3d at 258 n.5. In the instant case, Plaintiffs bring claims under both theories.

However, because Plaintiffs in these cases were indicted by a McLennan County grand jury, Defendants argue Plaintiffs' Fourth Amendment claims should be dismissed. Thus, before the Court can address the substance of the alleged violations, the Court must first address whether the independent intermediary doctrine applies in this case.

### B. Independent Intermediary Doctrine

The City and County Defendants argue Plaintiff's Fourth Amendment claims should be dismissed under the independent intermediary doctrine, which insulates from a false arrest claim

the initiating party if an intermediary presented with the facts finds that probable cause for the arrest exists.[1] Each plaintiff in these consolidated cases was indicted by a grand jury. Defendants argue, correctly, that those indictments break the chain of causation between the defendants and the alleged constitutional harms unless an exception applies. Plaintiffs contend the exception does apply such that plaintiffs have stated a plausible claim for relief. The Court finds the doctrine applies, but the exception does not.

"It is well settled that if facts supporting an arrest are placed before any independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). The Fifth Circuit has repeatedly "applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016). Thus, unless an exception to the independent intermediary rule applies, Plaintiffs' grand jury indictments dooms their Fourth Amendment claims.

Under the taint exception to the independent intermediary rule, a plaintiff may plead a plausible false arrest claim despite the findings of an intermediary "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Curtis v. Sowell*, 761 Fed. App'x 302, 304 (5th Cir. 2019) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). Because the intermediary's discussions protect even individuals with malicious intent, a plaintiff must show that the state actor's malicious motive led the actor to withhold relevant information or otherwise misdirect the independent intermediary by

---

[1] Defendant Schwartz argues he is entitled to absolute immunity from any claim based upon his purported testimony to the grand jury. ECF No. 26 at 25.

omission or commission. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2019). The Fifth Circuit recently held that when analyzing allegations of taint at the motion to dismiss stage, mere allegations of taint "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *Id.* at 690. Thus, to survive Defendants' Motions to Dismiss, Plaintiffs must provide sufficient facts supporting the inference that each Defendant maliciously tainted the grand jury proceedings. *See Shaw v. Villanueva*, 918 F.3d 414, 417 (holding a plaintiff must show that the defendant maliciously withheld relevant information or otherwise misdirected the intermediary). Plaintiffs have failed to do so in this case.

"The Supreme Court is no-nonsense about pleading specificity requirements." *Shaw*, 918 F.3d at 415. Here, Plaintiffs cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level demonstrating how *each* Defendant tainted the grand jury proceedings by either omitting evidence or misleading the jury. *See Iqbal*, 556 U.S. at 679*; Shaw*, 918 F.3d at 415. A majority of Plaintiff's allegations are that a defendant, grouping of defendants, or sometimes simply, "Defendants," knew that [a particular fact] did not [e.g., establish probable cause as to them or support the charge]; or that the defendants knew that the plaintiffs were not involved in gang violence. However, such threadbare allegations are not sufficient to meet the taint exception. *See Glaster v. City of Mansfield*, 2015 WL 8512, *7 (W.D. La. 2015) (plaintiff did not plead involvement of defendant officer in the grand jury proceedings or factually how he tainted the grand jury's deliberations; officer dismissed on qualified immunity grounds). Plaintiffs' inability to provide articulate allegations against specific individual defendants is fatal.

In *Curtis v. Sowell*, the Fifth Circuit recognized that during the motion to dismiss stage, mere allegations of taint may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference. *See* 761 Fed. App'x at 304–05. However, the Fifth

Circuit affirmed the district court's decision to dismiss the plaintiff's complaint because the plaintiff did not adequately allege how the defendants, or anyone else, deceived or withheld material information from the grand jury. *Id.* at 305. The plaintiff's allegation that the district attorney "persuaded the grand jury to indict [the plaintiff] even though the district attorney knew that there was no factual or legal basis for the charge" was insufficient to invoke the exception to the independent intermediary doctrine. *Id.*

Similarly, Plaintiffs argue Defendants knew they were not in a criminal gang and knew that they did not participate in the criminal conduct at the Twin Peaks restaurant. Despite this knowledge, Defendants still pursued an indictment. However, these conclusory allegations, as they were in *Curtis*, are not sufficient to survive a motion to dismiss. Plaintiffs admit that they do not know what testimony was given before the grand jury; they don't know who testified before the grand jury; and there is no transcript of the grand jury proceedings. In other words, Plaintiffs are simply guessing at what took place before the grand jury and who testified before the grand jury.[2] Such allegations are no more than rank speculation. *See Rothstein v. Carriere* 373 F.3d 275, 284 (2nd Cir. 2004) (holding where a person's alleged grand jury testimony is unknown, an "argument that [defendant] must have testified falsely to the grand jury amounts to rank speculation."). Because Plaintiffs' conclusions and guesses as to who possibly testified before the grand jury, and what their testimony could have possibly been are the type of formulaic, threadbare allegations that are insufficient under the Supreme Court's *Twombly/Iqbal* standard, the Court must dismiss Plaintiffs' complaint.

---

[2] The Court is not requiring Plaintiffs to prove the impossible—what occurred inside the secret proceedings of a grand jury. *See McLin v. Ard*, F.3d at 690. However, Plaintiffs' allegations amount to no more than "defendants 'knew of' or 'condoned' the alleged violations of the plaintiffs' constitutional rights. Thus, Plaintiffs have failed to plead adequate factual allegations to support the taint exception. *See Shaw*, 918 F.3d at 418 (noting that a plaintiff's allegation that the defendant knew of or condoned some falsity or omission was insufficient to state a claim).

As previously mentioned, grand jury proceedings are not generally discoverable. *See Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004) ("[t]he court notes that under both federal and state law, a general rule of secrecy shrouds the proceedings of grand juries."). However, both federal and Texas law permit discovery of grand jury material when the party seeking discovery demonstrates a "particularized need" for the material. *Id.* at 147–48 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–83 (1958); *In re Byrd Enters.*, 980 S.W.2d 542, 543 (Tex. App.–Beaumont 1998, no pet.)). "A party claiming a particularized need for grand jury material under Rule 6(e) has the burden of showing "that the material [it] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Id.* at 147. In the present case, Plaintiffs have failed to even mention, let alone attempt to articulate reasons why they might meet the standard for such discovery. Even if Plaintiffs did so, the Court believes, under the facts alleged by Plaintiffs, Plaintiffs could not identify a "particularized need" for grand jury material.

Additionally, Plaintiffs have failed to allege that *each* Defendant (or Defendants generally) *maliciously* omitted evidence or mislead the grand jury. *See Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988); *see also Scott v. White*, 2018 WL 2014093, *4 (W.D. Tex. 2018). To invoke the exception to the independent intermediary doctrine, it is not enough that the plaintiff plead that misrepresentations were made to the intermediary or that the defendant omitted to provide material information to the intermediary. The plaintiff must also plead that such conduct was done maliciously. *McLin*, 866 F.3d at 689; *Shaw*, 918 F.3d at 417; *Curtis*, 761 Fed. App'x at 304. Moreover, a plaintiff must plead sufficient factual allegations that *each defendant*

maliciously withheld or mislead the grand jury. *Id.* In this case, Plaintiff provides no such factual allegations, let alone allegations concerning *each* defendant.[3] *See generally* Pls.' Compl.

Because the Court finds the independent intermediary doctrine applies in this case, Plaintiffs' Fourth Amendment claims against the City and County Defendants must fail. Therefore, the Court **GRANTS** the City and County Defendants' motions to dismiss.

### C. Defendants Schwartz and Frost are Entitled to Qualified Immunity from any Claim Based Upon His Purported Testimony to the Grand Jury

Although the DPS Defendants did not address the independent intermediary doctrine directly, the Court finds the doctrine nonetheless applies to bar Plaintiffs' claims against them.[4] First, whatever conduct the DPS Defendants engaged in prior to the grand jury indicting plaintiffs is inconsequential and is simply not relevant in this case. Previously, the Court ruled in several related cases that Plaintiffs' alleged enough to survive a motion to dismiss. However, the present case is markedly different—Plaintiffs in this case were, in fact, indicted by an independent intermediary, a McLennan County grand jury. Thus, regardless of the DPS Defendants' prior conduct leading up to the indictment, even if their conduct was malicious, the independent intermediary destroys any casual connection between the alleged harm and any constitutional violation by Defendants. Accordingly, for the same reasons discussed above, *supra section B,* Plaintiffs fail to overcome Defendants' qualified immunity and dismissal is appropriate. *Buehler*, 824 F.3d at 555 ("[T]he plaintiff must affirmatively show that the defendants tainted the intermediary's decision.").

---

[3]Moreover, as Defendants correctly point out, grand jury witnesses have absolute immunity from any § 1983 claim based on the witness' testimony, as well as related investigation or preparation for such testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 369–70 (2012). The Supreme Court in *Rehberg* further stated that such testimony before the grand jury cannot be used to support a § 1983 action. *Rehberg*, 566 U.S. at 369. Therefore, Plaintiffs cannot use any Defendants' alleged grand jury testimony to rebut the presumption of probable cause arising from the indictment.
[4]The independent intermediary doctrine does not need to be raised as an affirmative defense. *Holcomb v. McCraw*, 262 F.Supp.3d 437, 452 (W.D. Texas June 27, 2017).

## IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss. Accordingly, Defendant Frost and Schwartz's Motions to Dismiss (ECF Nos. 25, 43); the City Defendants' Joint Motion to Dismiss (ECF Nos. 27, 45); Defendant Reyna and McLennan County's Motions to Dismiss (ECF Nos. 26, 44) are **GRANTED**.

**SIGNED** this 27th day of April 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE